FILED

11/14/2017

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 18, 2017

**STATE OF TENNESSEE v. MELVIN L. HORNE**

**Appeal from the Criminal Court for Wilson County**
**No. 16-CR-710     John D. Wootten, Jr., Judge**

_____

**No. M2017-00647-CCA-R3-CD**

_____

Defendant, Melvin L. Horne, appeals the revocation of his probation, arguing that the trial court abused its discretion when it relied on a note on the court file from the original guilty plea hearing. The State responds that the note is not properly included in the record, that Defendant waived consideration of the issue by failing to object during the hearing, and that the trial court did not abuse its discretion. Upon our review of the record, we find no abuse of discretion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Comer L. Donnell, District Public Defender, and Kelly A. Skeen, Assistant District Public Defender, for the appellant, Melvin Leanerd Horne.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Tom Swink and Linda Walls, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

In May 2016, Defendant was indicted by the Wilson County Grand Jury of one count of criminal simulation between $1000 and $10,000 and one count of theft of property valued between $1000 and $10,000. On August 22, 2016, Defendant pled guilty to theft, and the criminal simulation charge was dismissed.[1] Defendant received an agreed upon sentence of four years suspended to supervised probation as well as

---

[1] A transcript of the guilty plea hearing is not in the record on appeal.

restitution in the amount of $1543.87. Defendant's probation was supervised out of Davidson County, where he resided and worked.

On November 18, 2016, a probation violation warrant was issued, alleging that Defendant was arrested for a violation of his Community Supervision[2] in Davidson County, violated curfew on several occasions, and tested positive for cocaine. A probation violation hearing was held on February 27, 2017, where Defendant pled guilty to violating the rules of probation. Defendant admitted that he pled guilty to the violation of community supervision in Davidson County and was sentenced to serve forty-five days. Defendant also admitted to snorting cocaine, stating "I'm not going to sit here and try to deny it. I mean, the proof is in the pudding, and I did make a mistake." Defendant's probation officer did not testify, and the State did not put on any proof. The trial court revoked Defendant's probation and placed his sentence into effect. Defendant filed a timely notice of appeal.

On appeal, Defendant argues that the trial court abused its discretion by revoking Defendant's probation. According to Defendant, the trial court prejudged the matter by basing its decision on a note in the court's file from Defendant's original guilty plea which read "Last Chance." The State responds that Defendant failed to properly include the court's notes in the appellate record by merely attaching a photocopy to his appellate brief and that Defendant waived the issue by failing to object during the hearing. Furthermore, the State argues that the trial court properly revoked Defendant's probation based on his admission that he violated the rules of probation. We agree with the State.

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1). After revoking a defendant's probation, the trial court is authorized to order a defendant to serve the balance of his original sentence in confinement, return a defendant to probation with modified conditions as necessary, or extend the period of probation by no more than two years. T.C.A. §§ 40-35-308, -310. The revocation of probation rests in the sound discretion of the trial court and will not be overturned by this Court absent an abuse of that discretion. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991); *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995); *see also State v. Pollard*, 432 S.W.3d 851, 864 (Tenn. 2013) (holding that an abuse of discretion standard with a presumption of reasonableness applies to all sentencing decisions). An abuse of discretion occurs when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see also State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

---

[2] From the probation violation report, it appears that Defendant was placed on Community Supervision for Life in 2011 after having been convicted of aggravated rape.

As to Defendant's argument that the trial court prejudged the violation of probation by writing "Last Chance" in its notes from the original guilty plea, the State is correct that these notes were not properly included in the record before this Court pursuant to Tennessee Rule of Appellate Procedure 24. "It is settled law that documents merely attached to appellate briefs cannot be considered by this Court because they are not properly part of the certified record." *Jeffrey Lynn Myers v. State*, No. M2004-02411-CCA-R3-PC, 2005 WL 1541870, at *5 n.7 (Tenn. Crim. App. June 29, 2005) (citing *State v. Matthews*, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990)), *no perm. app. filed*. The appellant has the duty to prepare an adequate record in order to allow for meaningful review. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983).

The State is also correct that Defendant failed to raise any objection during the hearing to the trial court's supposed consideration of this note. *See* Tenn. R. App. P. 36(a). Moreover, Defendant is not entitled to plain error review because the record does not clearly establish what transpired in the trial court and because he cannot show a breach of a clear and unequivocal rule of law. *See State v. Smith*, 24 S.W.3d 274, 282-83 (Tenn. 2000) (setting out the five factors for plain error review and holding that "complete consideration of all the factors is not necessary when it is clear from the record that at least one of the factors cannot be established").

Defendant points to the following exchange at the beginning of the hearing as indicative of the trial court's consideration of the "Last Chance" note:

[Trial Court]: Have you read my notes? Do you want to read them?

[Defense Counsel]: Probably not. I guess so. May I approach?

[Trial Court]: Yes, sir. I just thought I would - - does that change anything[?]

[Defense Counsel]: (Reviewing document) I don't think so, Your Honor. Give me one second.

[Trial Court]: I thought you might want to visit with [Defendant] just for a second.

[Defense Counsel]: (Conferring with Defendant) Yes, sir, Your Honor; this is a plea and request to be heard.

Defendant also points to additional statements made by the trial court that are supposedly references to the "Last Chance" note, including the following:

[Trial Court]: Do you remember what we talked about back in - -

[Defendant]: Yes, sir.

[Trial Court]: It wasn't even - - well, we're talking about right at six months ago.

[Defendant]: Yes, sir.

[Trial Court]: Do you remember that?

[Defendant]: Yes, sir.

[Trial Court]: Because you entered a plea to - - and this is a best interest plea, but nevertheless, it was a plea. . . . Four years, right? And we talked about your prior record. Do you remember that?

[Defendant]: Yes, sir.

[Trial Court]: It's not good, is it?

[Defendant]: No, sir.

[Trial Court]: It's pretty long, isn't it?

[Defendant]: Well, yes, sir.

[Trial Court]: How many felonies are there?

[Defendant]: I mean, most of them are pertaining to this [community supervision for life]. I'm not quite sure of the exact number, sir.

[Trial Court]: Well, I don't have that in my notes. . . . And that's when I put you on notice of what would happen, right? Remember that?

[Defendant]: Yes, sir.

. . . .

[Trial Court]: Well, I'd say [defense counsel] would probably tell you that when I put people on notice, I like people to know that I say what I

- 4 -

> mean and mean what I say, you know?  That doesn't really sound good to you, I know, but you would expect somebody to live by what they say, right?
>
> [Defendant]: Yes, sir.
>
> [Trial Court]: I'm sorry sir.  I'm going to just have to put it into effect, all right?  Probation revoked. . . . I gave you a chance.

From the record properly before this Court, it is not clear whether the trial court is discussing a specific note that predetermined the outcome of any probation violation alleged against Defendant or whether the trial court was simply referring to the colloquy from the original guilty plea hearing.  Moreover, Defendant has not cited a single case establishing a clear and unequivocal rule of law that a trial court abuses its discretion by giving a defendant a last chance on probation at the time of sentencing.  *See* Tenn. R. Ct. Crim. App. 10(b) ("Issues which are not supported by . . . citation to authorities . . . will be treated as waived in this court.").  In fact, on several occasions, this Court has found no abuse of discretion when a trial court revokes probation after giving the defendant a last chance.  *See State v. Timothy Lewayne Morton*, No. M2014-02029-CCA-R3-CD, 2015 WL 2358470, at *2 (Tenn. Crim. App. May 15, 2015) (finding trial court did not abuse its discretion in revoking probation even though defendant testified "when he was sentenced . . ., the trial court had informed him that it was his 'last chance on probation'"), *no perm. app. filed*; *State v. Stephanie Rena Holt*, No. M2011-01354-CCA-R3-CD, 2013 WL 105190, at *4 (Tenn. Crim. App. Jan. 9, 2013) (finding no abuse of discretion when trial court told defendant "you were given your last chance when you walked in here, when you were given the opportunity to go to drug court . . . . But this Court has . . . a limited amount of patience and we gave you your last chance last time. I'm not going to give you another chance this time"), *no perm. app. filed*.  Moreover, this Court has "repeatedly cautioned that 'an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing.'"  *State v. Casey Dupra Drennon*, No. M2014-02366-CCA-R3-CD, 2015 WL 6437212, at *2 (Tenn. Crim. App. Oct. 23, 2015) (quoting *State v. Jeffrey A. Warfield*, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), *perm. app. denied* (Tenn. Jun. 28, 1999)), *no perm. app. filed*; *see also State v. Timothy A. Johnson*, No. M2001-01362-CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. Feb. 11, 2002), *no perm. app. filed*.

In this case, Defendant admitted that he violated the rules of probation.  He admitted that he used cocaine, stating that he "ma[d]e a mistake."  He also admitted that he pled guilty to a violation of his community supervision for life in Davidson County,

presumably based upon the violation of his curfew.[3]  "[A d]efendant's admission that he violated the terms of his probation, alone, constitutes substantial evidence to support the revocation of probation." *State v. Ross Pruitt*, No. E2015-01494-CCA-R3-CD, 2016 WL 3342356, at *4 (Tenn. Crim. App. June 8, 2016) (citing *State v. Christopher Nathaniel Richardson*, No. M2006-01060-CCA-R3-CD, 2007 WL 776876, at *4 (Tenn. Crim. App. Mar. 15, 2007), *no perm. app. filed*), *no perm. app. filed*.  The trial court did not abuse its discretion in finding that Defendant violated the terms of his probated sentence.  It is clear the trial court acted well-within its authority by revoking probation, ordering Defendant to serve the balance of his sentence in confinement and could have done so without apology to Defendant.  Defendant is not entitled to relief.

_____
TIMOTHY L. EASTER, JUDGE

---

[3] Both at the hearing and on appeal, defense counsel challenged the curfew violation itself. However, it appears from the argument made before the trial court that the violation out of Davidson County to which Defendant pled was related to the curfew violation.  For the purposes of this appeal, we need not determine whether Defendant actually violated his curfew because he also admitted to the other violations.